**IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH**

**NORTHERN DIVISION**

| | |
|---|---|
| A.P. MØLLER-MAERSK A/S,<br><br>       Plaintiff,<br><br>vs.<br><br>WESTERN HAY COMPANY, INC.,<br><br>       Defendants. | **MEMORANDUM DECISION<br>AND ORDER**<br><br>Case No. 1:06CV9DAK |

This matter is before the court on Plaintiff A.P. Møller–Maersk A/S's ("Maersk") Motion for Summary Judgment. The court held a hearing on the motion on November 7, 2007. At the hearing, Plaintiff was represented by William D. De Voe, and Defendants were represented by Mark O. Morris and Peter H. Donaldson. The court took the motion under advisement. The court has carefully considered all pleadings, memoranda, and other materials submitted by the parties, the arguments made by counsel at the hearing, and the law and facts relevant to the motions. Now being fully advised, the court enters the following Memorandum Decision and Order.

Maersk, an international ocean common carrier, brought this collection action against Western Hay, the shipper, for unpaid ocean freight charges. Maersk provides ocean shipping services under the terms of its tariffs published under the authority of the Federal Maritime Commission. During 2004, Maersk and Western Hay were parties to a shipping service contract

1

under the terms of which Maersk provided ocean transportation services to Western Hay for a lower rate than the tariff rate.

The shipment that is the focus of this case is a shipment that Maersk did for Western Hay from Tacoma, Washington to the United Arab Emirates on January 5, 2005.  Maersk received the shipment on January 5, 2005, and the freight arrived in Abu Dhabi, United Arab Emirates on February 2, 2005.  Although there was much communication between Western Hay and Maersk's Savannah, Georgia office with respect to the execution of a service contract between the parties for 2005, Maersk did not believe that Western Hay had agreed upon or signed a service contract for 2005 before the January 5, 2005 shipment occurred.  Accordingly, Maersk did not file a service contract with the Federal Maritime Commission prior to January 5, 2005.

Because there was no current service contract between Maersk and Western Hay on file with the FMC at the time of the shipment, Maersk charged Western Hay the published tariff rate for the shipment.  Maesrk  believes that it was required to charge this higher tariff rate under federal maritime law, 46 U.S.C. App. § 1709(a), (b) and the filed rate dcotrine.

On February 3, 2005, Maersk representatives in Abu Dhabi informed the Savannah office that Western Hay provided it with a signed copy of the 2005 service contract, and that Western Hay had informed them that the contract was signed on December 27, 2004.  The faxed copy of the service contract signed by Western Hay changed the proposed minimum quantity commitment of 400 FFE to 100 FFE.  Maersk contends that there is no binding contract because the minimum quantity commitment is a material provision of the contract and it does not agree to Western Hay's change in the minimum quantity commitment.

In June 2005, Maersk's Denver office entered into negotiations with Western Hay for a

new contract.  The Denver office sought approval within Maersk for rerating the January 2005

shipment for commercial considerations.  The rerating request was approved on June 10, 2005.

Hill sent Western Hay an email stating that the January shipment would be rerated with the

contract rate and that there would be "no further issues with this one."  In July 2005, however,

Maersk auditors rescinded the approval for the rerating.  The parties dispute whether Western

Hay received any notice that the rerating had been rescinded.

Nonetheless, on August 23, 2005, Maersk sent Western Hay an "Ocean Freight" refund,

indicating that Western Hay had paid in full and, in fact, overpaid.  Western Hay has not paid the

$36,300 difference between what it paid and the higher published tariff rate that Maersk believes

it has a legal obligation to collect.

## DISCUSSION

### Plaintiff's Motion for Summary Judgment

Maersk seeks summary judgment against Western Hay in the amount of $36,300, which

would make Western Hay's payment for the shipment in accord with the tariff rate.

Maersk also argues that Western Hay's affirmative defenses alleging agreements between

Maersk and Western Hay, waiver and accord and satisfaction are barred by the filed rate

doctrine.[1]  Defendant opposes the motion arguing that Maersk was not required to charge the

higher tariff rate.

The Ocean Shipping Reform Act requires carriers to file a "copy of every agreement

entered into with the Federal Maritime Commission."  46 U.S.C. App. § 1704(a).   The Act

allows for carriers to enter into service contracts with shippers at a separate rate than the

---

[1]  This doctrine is also interchangeably referred to in case law as the filed tariff doctrine.

published tariff rates.  *See* 46 U.S.C. App. § 1702. It is undisputed that the parties entered into a service contract for lower shipping rates in 2004, and that the service contract was on file with the FMC.  The issue focuses on whether Maersk was required to charge Western Hay the filed tariff rate because it had not filed a 2005 service agreement between the parties with the FMC at the time the January 5, 2005 shipment occurred.

Western Hay asserts that it signed the 2005 service contract on December 27, 2004.  But Maersk disputes the timing of when that contract was presented to it.  Maersk received a copy of the contract at its Abu Dhabi office, not the Savannah, Georgia office that had been negotiating with Western Hay.  Although Western Hay claims that Maersk was obligated to file the signed contract with the FMC prior to the shipment, Maersk asserts that even if it had timely received it, the contract was not a binding contract because Western Hay altered a material provision of the contract.  Western Hay altered the minimum quantity commitment but it disputes that this provision is a material provision.

"Whether a contract term . . . was material to the contract is a mixed question of fact and law which can be resolved on summary judgment if reasonable minds cannot differ."  *Resolution Trust Corp. v. Federal Sav. and Loan Ins. Corp.*, 25 F.3d 1493, 1502 (10th Cir. 1994).  There is insufficient evidence before the court for the court to rule as a matter of law that the minimum quantity commitment was a material provision of the contract.  There is also insufficient evidence regarding when Maersk received the signed contract.  If Maersk received the contract before the shipment date and Western Hay's change was not material, Maersk would have had a duty to file the contract with the FMC prior to the date of the shipment.  Because the court cannot resolve these issues of fact, summary judgment is inappropriate.

4

Even if these issues could be resolved in favor of Maersk at the summary judgment stage, there are also questions of fact as to whether Maersk could issue Western Hay a refund under the Shipping Act.

The Shipping Act allows for refund or waiver of the collection of fees in certain situations. Section 1707(e) states that a carrier can refund or waive the collection of a portion of the freight charges if (1) there is an error in publishing a new tariff or in quoting a tariff and the refund will not result in discrimination among shippers, ports, or carriers, (2) the carrier publishes a new rate on which the refund would be based prior to filing an application for authority to make a refund, and (3) the application is filed within 180 days of the date of the shipment. 46 U.S.C. App. § 1707(e).

The parties did not attempt to gain authority to grant Western Hay a refund or a waiver of the collection of the fees under the tariff rate within 180 days. But, the evidence demonstrates that the parties attempted to resolve the dispute during that time frame. Maersk emailed Western Hay on June 10, 2006 stating that the shipment was being rerated under the 2004 service contract and that the issue was resolved. Although Maersk asserts that it rescinded this agreement to rerate the shipment, there is a dispute of fact as to whether Western Hay received notice that it was rescinded.

Maesrk argues that it could not give Western Hay a refund as a matter of law. But Maersk sent Western Hay a refund on August 23, 2005, stating that it was an "Ocean Freight" refund and indicating that Western Hay had overpaid. This refund demonstrates that Maersk can in fact issue refunds in certain instances. Therefore, the court concludes that there is a question of fact with respect to whether Maersk could have issued Western Hay a refund for the January 5,

5

2005 shipment under the Shipping Act despite the filed rate doctrine.  If the parties did in fact resolve the dispute within the 180-day time period, Maersk should have processed that a waiver of the collection of fees according to the provisions of the Shipping Act.  Accordingly, the court concludes that questions of fact preclude summary judgment.

**CONCLUSION**

Based on the above reasoning, Plaintiff's Motion for Summary Judgment based on the filed rate doctrine is DENIED.

DATED this 6th day of December, 2007.

BY THE COURT

DALE A. KIMBALL
United States District Judge